IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3126 |
| vs. | |
| RODRIGO BOLANOS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no objections to the presentence investigation report. The defendant has moved for a downward departure or variance. Filing 104 at 1.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all

> Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant has, however, asked the Court for a downward departure or variance. Specifically, the defendant asks that the Court vary from the sentencing guidelines based on his personal circumstances and rehabilitation efforts. Filing 104 at 1. The Court will resolve that request at sentencing.

The defendant also asks for a variance to give him the benefit of a two-level safety valve reduction consistent with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Filing 104 at 1. (A variance is required because the Guidelines have not yet been amended to reflect the changes made to the safety valve by the First Step Act.) Although the Court will make a final determination on this matter at sentencing, the parties are advised that the Court is likely to grant that request.

Next, the defendant argues that the sentencing guidelines "overstate the

Base Offense conduct" in this case, warranting what he calls a "departure." Filing 104 at 2. Specifically, the defendant argues that a two-level departure is appropriate because the Guidelines applicable to "pure" methamphetamine as opposed to "cut" methamphetamine "overstate the Base Offense conduct," and asks the Court to reduce the base offense level to be consistent with methamphetamine mixture instead of actual methamphetamine. Filing 104 at 2; *see* U.S.S.G. § 2D.1.1.

But that's not an argument for a *departure*—because a departure occurs within the context of the Guidelines themselves, a departure cannot be based on a disagreement with the Guidelines.[1] Rather, as the Court understands the defendant's argument, he seems to be asking the Court to vary from the Guidelines on policy grounds—which is within the Court's authority. *See*, *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Abraham*, 944 F. Supp. 2d 723, 727-28 (D. Neb. 2013). However, the Court is not persuaded that rejection of the methamphetamine guideline is warranted. *See United States v. Garcia*,

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

No. 4:13-CR-3130, 2016 WL 6471107, at *4 (D. Neb. Oct. 31, 2016); *United States v. Munoz-Ramon*, No. 8:13-CR-244 (D. Neb. filed Sept. 17 and Nov. 24, 2014), *aff'd*, 614 F. App'x 857 (8th Cir.), *cert. denied*, 136 S. Ct. 700 (2015). The Court will not vary from the guidelines on that basis.

Finally, the defendant also moves for a downward departure under U.S.S.G. § 4A1.3(b), which applies when the defendant's criminal history category, while properly assessed, "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." In particular, the defendant argues that the presentence report's assessment of 4 criminal history points for misdemeanor offenses that occurred when the defendant was eighteen and nineteen years old overstates his potential for recidivism. Filing 104 at 1-2.

The defendant bears the burden to prove the appropriateness of a downward departure. *See United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The Court will resolve this issue at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are

required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of July, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge